IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Richard Stephen Mayfield, #253489, *aka Richard Mayfield*, | C/A No. 0:10-1487-JFA-PJG |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| vs. | |
| Howard P. King; O.V. Player Jr.; C. Kelly Jackson; Jon Ozmit, | |
| Defendants. | |

The plaintiff, Richard Stephen Mayfield, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is an inmate at McCormick Correctional Institution, a facility of the South Carolina Department of Corrections ("SCDC"), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint names as defendants the judge, the clerk of court, and the prosecutor from Plaintiff's criminal trial as well as the director of SCDC.[1] The plaintiff claims that his due process rights are being violated and that he has been maliciously prosecuted and falsely imprisoned. Plaintiff seeks $30 million in damages. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed for failure to state a claim upon which relief may be granted.

---

[1] Title 28 U.S.C. § 1915A (a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."



## *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[2] 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than

---

[2]Screening pursuant to § 1915A is subject to this standard as well.



those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## BACKGROUND

Plaintiff is serving a thirty (30) year sentence for first degree burglary, concurrent with a thirty (30) year sentence for first degree criminal sexual conduct. Plaintiff alleges that he refused to plead guilty to those charges and that he did not receive a jury trial but

PJG

that Defendant Judge Howard P. King imposed a sentence anyway. Plaintiff complains that he has thus been sentenced to imprisonment without ever technically being convicted. Plaintiff alleges that Defendant C. Kelly Jackson, who was the prosecutor in his criminal case, obtained an indictment fraudulently. He claims Defendant O.V. Player, Jr., then clerk of court, entered the indictment and filed warrants he knew did not exist. He further alleges that Judge King entered a guilty plea even though Plaintiff had not pled guilty. Plaintiff seeks expungement and money damages.

## DISCUSSION

The Supreme Court has held that in order to recover damages for imprisonment in violation of the United States Constitution, the imprisonment must first be successfully challenged. See Heck v. Humphrey, 512 U.S. 477 (1994).

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Id. at 486-87; see also Edwards v. Balisock, 520 U.S. 641 (1997) (the preclusive rule of Heck extended to § 1983 claims challenging procedural deficiencies which necessarily imply the invalidity of the judgement). The United States Supreme Court states that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Heck, 512 U.S.



at 487. This is known as the "favorable termination" requirement. See Wilson v. Johnson, 535 F.3d 262 (4th Cir. 2008). Under Heck v. Humphrey, 512 U.S. 477 (1994), "[r]elease from prison is not a remedy available under 42 U.S.C. § 1983." Habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release. Preiser v. Rodriguez, 411 U.S. 475 (1973).

In this case, the plaintiff seems to claim that he was not actually convicted for the charges on which he was sentenced. He goes into more detail in his habeas case, which he recently filed with this court. In that Petition, the plaintiff suggests that the judge may have misunderstood his request for a new attorney as a plea, or, alternately, that his guilty plea was not knowing or voluntary. See C/A No. 0:10-1203-JFA-PJG, Petition, Docket Entry 1 at 122 (in attachments). However, Plaintiff does *not* allege that he has successfully pursued a habeas case to overturn those state court convictions.[3] While he has filed a habeas case pursuant to 28 U.S.C. § 2254, that case is still pending. Because the plaintiff has not demonstrated or alleged that he has successfully challenged the lawfulness of his state court convictions, this Complaint should be dismissed for failure to state a claim on which relief may be granted.[4]

---

[3] In fact, to the extent that the plaintiff may be pursuing release from prison in this civil action, such a request fails to state a cognizable claim in this § 1983 action.

[4] Because a right of action has not yet accrued, the limitations period will not begin to run until the cause of action accrues. See Benson v. New Jersey State Parole Bd., 947 F. Supp. 827, 830 & n. 3 (D.N.J. 1996) (following Heck v. Humphrey, "[b]ecause a prisoner's § 1983 cause of action will not have arisen, there need be no concern that it might be barred by the relevant statute of limitations."); Snyder v. City of Alexandria, 870 F. Supp. 672, 685-688 (E.D.Va. 1994).



**RECOMMENDATION**

The court recommends that the Complaint in the above-captioned case be dismissed without prejudice and without issuance and service of process for failure to state a claim on which relief may be granted. See Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

June 29, 2010
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).