## UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Richard Mayfield, | ) | C/A No. 0:10-1487-JFA-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Howard P. King; O.V. Player, Jr.; | ) | |
| C. Kelly Jackson; Jon Ozmint, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The *pro se* plaintiff, Richard Mayfield, brings this action pursuant to 42 U.S.C. §

1983. He is an inmate with the South Carolina Department of Corrections. In his complaint,

plaintiff asserts that the defendants have violated his due process rights and that he has been

maliciously and falsely imprisoned. He seeks $30 million in damages.

The Magistrate Judge assigned to this action[1] has prepared a thorough Report and

Recommendation and opines that the complaint should be dismissed for the plaintiff's failure

to state a claim on which relief may be granted. The Report sets forth in detail the relevant

facts and standards of law on this matter, and the court incorporates such without a recitation

and without a hearing.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

The plaintiff was advised of his right to file objections to the Report and Recommendation and he has timely done so.

The plaintiff contends that he refused to plead guilty to state criminal charges. He also asserts that he did not receive a jury trial, but that defendant Judge Howard P. King imposed a 30-year sentence for burglary and a concurrent 30-year sentence for first degree criminal sexual conduct.

The Magistrate Judge properly opines that the complaint should be dismissed because the plaintiff cannot demonstrate that his conviction or sentence has been invalidated prior to seeking damages for imprisonment in violation of the United States Constitution. *See Heck v. Humphrey*, 512 U.S. 477 (1994). Under *Heck*, the Supreme Court ruled that a claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

The plaintiff also has pending an action under 28 U.S.C. § 2254 (C/A No. 0:10-1203-JFA–PJG). The Magistrate Judge notes that in the § 2254 petition, Mayfield does not allege that he has successfully pursued a habeas case to overturn those state convictions.

Plaintiff objects to the Magistrate Judge's wording in the Report that the plaintiff pled guilty to the state charges. The plaintiff contends that defendant Judge King never entered a plea of any kind. As to *Heck*, the plaintiff acknowledges that he has a § 2254 petition pending and requests that the court stay this § 1983 action pending the outcome "due to the fact that this is my 3rd time filing in forma pauperis." The plaintiff's request to stay this § 1983 action is denied. Plaintiff's remaining objections are overruled.

After a careful review of the record, the applicable law, the Report and Recommendation, and the objections thereto, the court finds the Magistrate Judge's recommendation to be proper and incorporates the Report herein by reference. Accordingly, this action is dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

Joseph F. Anderson, Jr.

November 30, 2010
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge